UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELVYN ERNEST REDHEAD,

    Plaintiff,

v.                                                 CASE NO. 6:07-cr-145-Orl-28DAB

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

This case is before the Court on Defendant's Motion to Vacate (Doc. No. 272, filed August 10, 2010). Petitioner does not state the basis upon which the Court has jurisdiction over the motion; however, he states that the motion should not be construed as seeking relief under 28 U.S.C. section 2255. Nevertheless, Petitioner alleges claims for relief in his motion that involve the *imposition* of his sentence or conviction.

"Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255." *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003); *see also Edwards v. United States*, 826 F. Supp. 423, 426 (M.D. Fla. 1993) (finding that "a § 2255 motion is generally the proper means to challenge the imposition or length of the detention."). In the present case, it appears that Petitioner is attacking the validity of the imposition of the sentence or conviction, which is generally within the domain of a habeas petition under § 2255. In an abundance of caution, the Court will allow Petitioner an

opportunity to explain why this case should not be treated as petition under section 2255.

Accordingly, it is hereby **ORDERED** that Petitioner shall show cause, within twenty-one (21) days from the date of this Order, why this case should not be treated as a petition under section 2255. The failure to respond will result in the denial of this motion without further notice.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 18 day of August, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 8/17
Melvyn Ernest Redhead
Counsel of Record