UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELVYN ERNEST REDHEAD,

    Plaintiff,

v.                                      CASE NO. 6:07-cr-145-Orl-28DAB

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

This case is before the Court on Defendant's Motion to Vacate (Doc. No. 272, filed August 10, 2010). Petitioner did not state the basis upon which the Court had jurisdiction over the motion; however, he stated that the motion should not be construed as seeking relief under 28 U.S.C. section 2255. Since Petitioner alleged claims for relief in his motion that involve the *imposition* of his sentence or conviction, the Court entered an order requiring Petitioner to show cause why this case should not be treated as a petition under section 2255 (Doc. No. 275). Petitioner filed a response reiterating that he was not seeking relief under section 2255 (Doc. No. 276).

According to Petitioner, the Court has jurisdiction over this case pursuant to "Fed. R. Crim. P. § 3231" and "Fed. R. Crim. P. 52(a)." The Court finds that Rule 52(a) does not

provide a basis for the relief being sought and that Rule "§3231" does not exist.[1]

Consequently, Petitioner's Motion to Vacate (Doc. No. 272, filed August 10, 2010) is **DENIED**.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this __15__ day of September, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 9/13
Melvyn Ernest Redhead
Counsel of Record

---

[1] It appears that Petitioner actually meant 18 U.S.C. section 3231, which provides that the district courts of the United States have original jurisdiction of all offenses against the laws of the United States. However, section 3231 does not provide a basis for the relief being sought in this case.

2